*Scott, for appellant.*

———, *for appellee.*

---

W. B. BROWN *v.* JAMES HENRY, ETC.

**Judgment—Erroneous.**

A final judgment cannot be treated as a clerical misprision simply because it is erroneous.

**Judgment—Setting Aside Judgment at Subsequent Term.**

The action of the court in setting aside a judgment at a subsequent term is void, and all proceedings taken in the case thereafter are invalid.

APPEAL FROM HOPKINS CIRCUIT COURT.

October 8, 1873.

Opinion by Judge Lindsay:

On the 30th of November, 1866, the demurrer to appellant's original petition was sustained and his temporary injunction dissolved.

On the 7th of December, thereafter, an amended petition was filed and a second injunction granted.

On the 6th of June, 1867, appellees answered. December 5, 1867, appellant filed another amended petition, making the railroad company a party defendant.

The relief sought, as the pleadings then stood, was to enjoin and restrain appellees from making the sale authorized by decree in their suit against the railroad company, and to have a rescission of the contract by which appellant sold and conveyed the twenty-five acres of land to said company.

On the 6th of June, 1868, the cause came on to be heard as to these appellees and was without objection submitted to the court for judgment upon their branch of the controversy. Whereupon it was ordered and adjudged that the injunction hereinbefore granted be and the same is hereby made perpetual and that the plaintiff recover his costs herein expended, and this cause is continued as to the defendant, the Henderson and Nashville Railroad Company.

Whether it was proper to try the question as to the injunction until the cause was prepared for hearing, as against the railroad company, we need not decide. If the action of the court was irregular, it could have been corrected on appeal; certainly its judgment was not void.

The only relief asked by appellant against appellees was that they should be enjoined from making their decretal sale. This relief was granted by the judgment cited, and the cause pending between these parties was fully and finally determined.

So far as they were concerned nothing further remained to be done. It may be that appellant could not proceed with his action against the railroad company without having appellees parties, but if this be true it only proves that the court erred in hearing one

branch of the cause at a time, and not that its action was interlocutory or void.

The error, if one was committed, was in the final disposition of the action as to these appellees and it was one which the circuit court could not correct at a subsequent term.

This final judgment cannot be treated as clerical misprision. If it could, every erroneous judgment might be so treated.

It results therefore that the action of the circuit court in setting aside the judgment at a subsequent term was void, and hence that all proceedings had in the case, after that time, were unauthorized and invalid.

Wherefore, the judgment of April 21, 1870, is reversed, and the cause remanded.

*W. P. D. Bush, Vance, for appellant.*

*John Rodman, R. T. Petrie, for appellees.*